

Villanova University School of Law

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-23-2006

# USA v. Giaquinto

Precedential or Non-Precedential: Precedential

Docket No. 05-2212

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"USA v. Giaquinto" (2006). *2006 Decisions.* Paper 1337.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1337

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2212

———

UNITED STATES OF AMERICA

v.

CATHERINE A. GIAQUINTO,
                    *Appellant*

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cr-00553-3)
District Judge: Honorable Jose L. Linares

———

Submitted Under Third Circuit LAR 34.1(a)
February 27, 2006

Before: SLOVITER, FUENTES, and BECKER, *Circuit
Judges*.

(Filed March 23, 2006)

GEORGE S. LEONE, ESQUIRE
Office of United States Attorney
970 Broad Street, Room 700
Newark, NJ 07102

GLENN J. MORAMARCO, ESQUIRE
Office of United States Attorney
Camden Federal Building & Courthouse
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ 08101
                    Attorneys for Appellee

MICHAEL N. PEDICINI, ESQUIRE
60 Washington Street
Courthouse Plaza
Morristown, NJ 07960
                    Attorney for Appellant

---

## OPINION OF THE COURT

---

BECKER, *Circuit Judge*.

This appeal by Catherine A. Giaquinto from a judgment in a criminal case entered pursuant to a guilty plea arises from

the events of September 17, 2000, when Giaquinto smuggled approximately 10,000 pills of ecstasy into the United States from Italy. Giaquinto was traveling with two other couriers, and the total amount of ecstasy smuggled into the United States by Giaquinto and her two co-conspirators was approximately 35,000 pills. Giaquinto was not arrested for about three years from the date of the offense, during which she was gainfully employed. She has had an essentially law abiding life but for this incident, which her counsel characterizes as aberrant behavior.

Giaquinto's challenge on appeal relates solely to her sentence of 23 months imprisonment, which was seven months below the minimum of her advisory guideline range. One of her co-defendants, Raymond Raiani, made three times the number of smuggling trips as Giaquinto, stayed involved in the operation over the course of a year, and was held accountable for more than three times the number of ecstasy tablets as Giaquinto, but his 30 month sentence is only seven months longer than the sentence Giaquinto received. Giaquinto submits that this is grossly disparate.

The government first argues that we lack jurisdiction to review any aspect of Giaquinto's sentence because the sentence falls below the guidelines range. This argument, however, is foreclosed by the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and our recent decision in *United States v. Cooper*, __ F.3d __, 2006 U.S. App. LEXIS 3453 (3d Cir. Feb. 14, 2006). *See Booker*, 543 U.S. at 260 (stating that the Sentencing Reform Act "continues to provide for appeals from sentencing decisions[,] irrespective of whether the trial

judge sentences within or outside the Guidelines range in the exercise of his discretionary power . . .") (citations omitted); *Cooper*, 2006 U.S. App. LEXIS 3453, at *7 ("[A] post-*Booker* appeal based on the 'unreasonableness' of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to [18 U.S.C.] § 3742(a)(1).") (citing *United States v. Martinez*, 434 F.3d 1318, 1320 (11th Cir. 2006)).

While Giaquinto's position is not unsympathetic, her challenges all fail on appeal. First, she contends that the District Court should have granted a downward departure in sentence based on her aberrant behavior. However, we have recently held that we lack appellate jurisdiction on claims that the District Court should have granted a departure. *See Cooper*, 2006 U.S. App. LEXIS 3453, at *25. Giaquinto also submits that the District Court should have considered only her actual conduct in determining her sentence. We find no error. *Booker*, 543 U.S. at 258-260, does not alter the notion that a defendant's sentence may be based on relevant conduct (i.e., conduct other than her own). *See United States v. Lister*, 432 F.3d 754, 761 (7th Cir. 2005); *United States v. Bryant*, 420 F.3d 652, 656 (7th Cir. 2005). Moreover, Giaquinto received a great benefit from application of the 1998 guidelines range, which had a lower guideline than the 2004 Manual, and the District Court applied the aberrant behavior standard urged upon it by Giaquinto.

Finally, Giaquinto contends that the District Court should not have permitted a sentencing disparity between co-defendants. We review for reasonableness. *See Booker*, 543

4

U.S. at 262. This is a post-*Booker* sentence. The District Court was well aware of its new responsibilities to consider the 18 U.S.C. § 3553(a) factors in addition to the guidelines, and did so. The Court considered all of defense counsel's arguments—essentially the same ones advanced here —and did everything that *Cooper* required in terms of its analysis. Our review is deferential. While we admire the zeal with which able counsel has advanced Giaquinto's arguments, we are constrained to find the sentence reasonable.

The judgment of the District Court will be affirmed.